**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID ACOSTA,**

          **Plaintiff,**

**-vs-**                                               **Case No. 6:04-cv-761-Orl-28JGG**

**MARIE D. CAMPBELL, GREGG**
**DREILINGER, LAW OFFICES OF**
**DAVID J. STERN, P.A.,**

          **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO COMPEL DISCOVERY (Doc. No. 51)**
>
> **FILED:** April 19, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part**.

Plaintiff filed suit against Defendants alleging they violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, while foreclosing a mortgage against Plaintiff held by CitiMortgage. Doc. No. 1. Defendants Marie D. Campbell and Gregg Dreilinger are employees of the Law Offices of David J. Stern, P.A. On May 27, 2004, almost one year ago, Plaintiff served requests for production on Defendants. Defendants responded to the requests on July 2, 2004. Plaintiff now belatedly seeks to compel more complete answers to five Requests for Production,

Numbers 1, 6, 7, 8, and 10. Defendants contend that all unprivileged documents have been produced[1], except for one additional set of documents responsive to Request Number 8, which will be produced forthwith.

Plaintiff seeks to compel more documents in response to Request Numbers 1 and 6, which requested documents "between" or "produced" by the law firm as counsel for its client CitiMortgage during the foreclosure or collection of Plaintiff's debt. Defendants maintain that responsive documents are attorney-client and work-product privileged. To the extent a privilege objection was made, Defendants do not provide a privilege log, as required. Defendants are **ORDERED** to produce a privilege log to Plaintiff within 11 days of the date of this Order.

Request Number 7 sought "all documents between Defendant and any other debt collecting organization or individual regarding the Plaintiff and collection of this alleged debt." Plaintiff seeks to compel documents between Defendants and the law offices of Marshal C. Watson, P.A. Defendants contend that they have no other responsive documents; they will be bound by this position, and Plaintiff is free to dispute or explore this issue at deposition or trial.

Request Number 10 sought "any insurance policies covering the defendants for violation of the [FDCPA]" and Defendants objected because they do not intend to make a claim under any insurance policy regarding this matter. Therefore, Plaintiff is not entitled to production of the Defendants insurance policy because it is not relevant to Defendants' defense of the matter.

In response to Request Number 8, which sought "copies of any litigation filed against the defendants alleging violations of the FDCPA," Defendants previously produced documents from the

---

[1] Plaintiff conferred with Defendants' former counsel, Forest McSurdy, and was unable to resolve the issues raised by the Motion. Defendants' new counsel responded to the Motion to Compel.

case of *Martinez v. Law Offices of David J. Stern, P.A.*, 266 B.R. 523 (Bankr. S.D. Fla. 2001). Plaintiff seeks to compel documents from a 1999 class action case filed against the law firm as well as information on other suits he believes have been filed. The Court agrees with Defendants that a three year timeframe is a reasonable cut-off; thus, the 1999 case is too remote in time. Defendants have agreed to produce the documents from *Midland Mortgage Co. v. Carl Walker*, a 2002 case. Defendants are **ORDERED** to produce these documents within eleven days of the date of this Order. Thus, the motion is **GRANTED in part** to the extent it seeks a privilege log of Defendants responsive documents and other FDCPA lawsuits from the last three years. No motion costs are imposed.

**DONE** and **ORDERED** in Orlando, Florida on May 25, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

case of *Martinez v. Law Offices of David J. Stern, P.A.*, 266 B.R. 523 (Bankr. S.D. Fla. 2001). Plaintiff seeks to compel documents from a 1999 class action case filed against the law firm as well as information on other suits he believes have been filed. The Court agrees with Defendants that a three year timeframe is a reasonable cut-off; thus, the 1999 case is too remote in time. Defendants have agreed to produce the documents from *Midland Mortgage Co. v. Carl Walker*, a 2002 case. Defendants are **ORDERED** to produce these documents within eleven days of the date of this Order. Thus, the motion is **GRANTED in part** to the extent it seeks a privilege log of Defendants responsive documents and other FDCPA lawsuits from the last three years. No motion costs are imposed.

**DONE** and **ORDERED** in Orlando, Florida on May 25, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties