# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID ACOSTA,**

            **Plaintiff,**

**-vs-**                                                 **Case No. 6:04-cv-761-Orl-28DAB**

**MARIE D. CAMPBELL, GREGG DREILINGER, LAW OFFICES OF DAVID J. STERN, P.A., CITIMORTGAGE, INC., CITIBANK, FSB, IMELDA W. LAY, MORTGAGE CAPITAL ASSOCIATES, INC., RESIDENTIAL FUNDING CORPORATION, JAY M. STEREN, JOHN DOES 1-20,**

            **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS MORTGAGE CAPITAL ASSOCIATES, INC., JAY M. STEREN, AND IMELDA W. LAY'S MOTION FOR ENLARGEMENT OF TIME (Doc. No. 138)** |
| **FILED:** | November 9, 2005 |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

| | |
|---|---|
| **MOTION:** | **MOTION FOR CLARIFICATION AS TO ENTRY OF DEFAULT (Doc. No. 147)** |
| **FILED:** | December 22, 2005 |

**THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

> **MOTION:** **DEFENDANTS MORTGAGE CAPITAL ASSOCIATES, INC., JAY M. STEREN, AND IMELDA W. LAY'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AND FOR SANCTIONS (Doc. No. 148)**
>
> **FILED:** December 22, 2005
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**. The Clerk is directed to vacate the default (Doc. No. 146).

CitiMortgage, Inc. began foreclosure proceedings on July 16, 2003 against David Acosta in state court for failure to pay the mortgage on his residence. Acosta subsequently filed suit in this Court against the mortgage holders, CitiMortgage, Inc. and Citibank, FSB, the law firm foreclosing on the mortgage, Residential Funding Corporation, and Mortgage Capital Associates and its employees. Several Defendants who had been served – including Residential Funding Corporation – timely filed Motions to Dismiss, which were referred for report and recommendation.[1]

On November 4, 2005, the Court recommended that the Motions to Dismiss of the Defendants be granted in large part because the majority of Acosta's allegations failed to state a claim upon which relief could be granted. Doc. No. 132. Such dismissal would leave only two claims for violation of the Fair Debt Collection Practices Act remaining against the Defendant law firm. Because the Court's recommendation included dismissal of all of the claims against Defendants Mortgage Capital Associates, Inc., Jay M. Steren, and Imelda W. Lay, these Defendants timely filed a Motion for Enlargement of Time to file a responsive pleading, seeking an extension to respond to Plaintiff's

---

[1] Although Residential Funding Corporation timely filed its Motion to Dismiss on October 26, 2005 (Doc. No. 129), Plaintiff had not filed a response to it, thus, it was not ripe for determination at the time the Report and Recommendation was entered. However, the RICO claims against Residential Funding Corporation were indistinguishable from the claims alleged against the other moving Defendants, for which the Court recommended dismissal.

Amended Complaint until after the Judge Antoon had ruled on the Report and Recommendation. *See* Doc. No. 138.

On December 6, 2006, Judge Antoon entered an Order overruling Plaintiff's objections to the Report and Recommendation (but not yet addressing the Defendants' objections). Doc. No. 141. Thus, Plaintiff's claims will be dismissed for the most part, if not completely (if Judge Antoon sustains the moving Defendants' objections in Doc. No. 139). The dismissal clearly will apply to all claims against Defendants Mortgage Capital Associates, Inc., Jay M. Steren, and Imelda W. Lay and against Residential Funding Corporation. *See* Doc. No. 132.

On December 20, 2005, Plaintiff filed a Motion for Entry of Clerk's Default against Defendants Mortgage Capital Associates, Inc., Jay M. Steren, and Imelda W. Lay and Residential Funding Corporation for their "failure to appear or otherwise respond to the Complaint." Doc. No. 143. Residential Funding Corporation timely filed its Response pointing out that it had a Motion to Dismiss pending since October 26, 2005. Doc. No. 144. Plaintiff then Amended his Motion, leaving Residential Funding Corporation in the text as a defendant against whom default was sort, but failing to attach any proof of service in support of the default against Residential Funding Corporation.

The Deputy Clerk entered default against Defendants Mortgage Capital Associates, Inc., Jay M. Steren, and Imelda W. Lay (but not Residential Funding Corporation). Doc. No. 146. Residential Funding Corporation then filed its Motion for Clarification (Doc. No. 147) that it had not been defaulted. There was no default entered against Residential Funding Corporation and its Motion is **DENIED** as moot.

Although Defendants Mortgage Capital Associates, Inc., Jay M. Steren, and Imelda W. Lay did not file a response to the Motion for Entry of Default against them, Plaintiff had been served with

the Defendants' Motion for Enlargement of Time to respond to Plaintiff's amended complaint. Doc. No. 138. The Court's docket clearly indicated that the Motion remained pending; thus, no response was due.

Although Plaintiff is proceeding *pro se*, he is expected to be personally familiar with the Federal and Local Rules of Civil Procedure, including the Rules regarding enlargements of time and service of process. *See* Doc. No. 26, 95. Plaintiff is **REPRIMANDED** for Plaintiff's waste of judicial resources in filing this Motion, particularly in light of this Court's earlier denial of defaults against these same Defendants. Doc. No. 127. On October 17, 2005, two months before filing his latest Motion for Entry of Default, Plaintiff filed the same motion for defaults against the exact same Defendants and the motion was denied. The Court stated at that time:

> Because service was defective on Lay and Steren, Acosta is not entitled to default against them. In addition, because it is clear that the corporate Defendants [Residential Funding Corporation and Mortgage Capital Associates] intend to defend against the suit against them, *default is inappropriate and all of the Defendants will be allowed an extension to prepare a response to Acosta's claims in order for the Court to decide the case on the merits.*

Doc. No. 127 (emphasis added). The Court's order could not be any clearer – defaults would not be granted and the matter would be decided on the merits. In fact, the returns of service on which Plaintiff relies for this *second* Motion for Entry of Default are the *exact same ones* found to be defective in the Order of October 17, 2005[2]. As their responsive pleadings, three of Defendants filed a motion for enlargement of time that was still pending when Plaintiff filed his Motion to default them. The other Defendant had timely filed its Motion to Dismiss. Most importantly, Judge Antoon had overruled Plaintiff's objections ten days before Plaintiff filed his (second) Motion for default and

---

[2]Although the Court waived the defective in service in conjunction with allowing those Defendants time to answer, the fact remains that the service was defective, and in order to be the basis for a separate Motion for Entry of Default, such service was required to be perfected.

Plaintiff's only claims against these Defendants were going to be dismissed; therefore no responses would be necessary, once Judge Antoon entered his order finalizing the outcome on the Motions to Dismiss.

Plaintiff is admonished that future filings of this type may result in imposition of sanctions against him.

**DONE** and **ORDERED** in Orlando, Florida on January 5, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Plaintiff David Acosta