# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID ACOSTA,**

        **Plaintiff,**

**-vs-**                                  **Case No.  6:04-cv-761-Orl-28DAB**

**MARIE D. CAMPBELL,  GREGG
DREILINGER, LAW OFFICES OF DAVID
J. STERN, P.A., CITIMORTGAGE, INC.,
CITIBANK, FSB,**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motions filed

herein:

| MOTION: | JOINT MOTION FOR SUMMARY JUDGMENT (Doc. No. 175-1) |
|---|---|
| FILED: | June 16, 2006 |
| THEREON it is **RECOMMENDED** that the motion be **GRANTED**. | |
| MOTION: | MOTION TO STRIKE AFFIDAVIT OF FOREST MCSURDY (Doc. No. 186-1) |
| FILED: | July 31, 2006 |
| THEREON it is **ORDERED** that the motion is **DENIED as untimely**. | |

**Standard of Review**

A party is entitled to judgment as a matter of law when the party can show that there is no genuine issue as to any material fact. Fed. R. Civ. Pro. 56(c). The substantive law applicable to the case determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323. In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

**Procedural**

CitiMortgage, Inc. began foreclosure proceedings on July 16, 2003 against David Acosta in state court for failure to pay the mortgage on his residence. Acosta filed suit in this Court on May 21, 2004, against the law firm and lawyers collecting on the mortgage, Defendants Marie D. Campbell, Gregg Dreilinger, and the Law Offices of David J. Stern, P.A. (collectively the "Law Office"), alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Doc. No. 1. He subsequently amended to assert additional claims against additional individuals (the majority of which have since been dismissed), including claims against CitiMortgage, Inc. and Citibank, FSB. *See* Doc. Nos. 1; 132; 159.

Following a series of amendments, at a court-ordered status conference on August 3, 2005, the Court allowed Acosta one final opportunity to amend his complaint. Doc. No. 100. Acosta filed

a (final) Third Amended Complaint alleging claims against the Law Office and against the first

mortgage holders, CitiMortgage, Inc., and Citibank, FSB[1], for violations of the federal Racketeer

Influenced And Corrupt Organizations Act, 18 U.S.C. §§ 1961, and its Florida counterpart, Fla. Stat.

§ 772.101, as well as the Florida Consumer Collection Practices Act, Fla. Stat. § 559, and the Florida

Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.202.  Doc. No. 103.

On January 18, 2006 (Doc. No. 159), Judge Antoon dismissed[2] all but two of Plaintiff's

claims, leaving only two of Plaintiff's claims for violation of the FDCPA: (1) when Defendants

continued with mortgage foreclosure proceedings (filing and service of the complaint) even though

they allegedly had already received correspondence from Plaintiff disputing the debt (¶ 133(d)); and

(2) for failing to communicate to credit reporting agencies that the debt owed by Plaintiff was

disputed (¶ 133(a)).  Defendants moved for summary judgment on Plaintiffs' remaining claims on

June 16, 2006.  Doc. No. 175.

Defendants CitiMortgage, Inc., Citibank, FSB, and the Law Offices now contend they are

entitled to summary judgment on Plaintiff's remaining two FDCPA claims against them.  Defendants

contend that they lawfully and appropriately instituted a mortgage foreclosure action against Plaintiff

and have not violated the FDCPA.  Plaintiff contends that summary judgment is not warranted

because material factual issues remain concerning Defendant's failure to report the debt as disputed

and their proceeding with the foreclosure lawsuit after they received his notice of dispute.

---

[1]Acosta also alleged claims against several others involved in obtaining or assigning the mortgage, *i.e.*, Mortgage Capital Associates, Inc., Residential Funding Corporation, Jay M. Steren, Imelda W. Lay; these claims were dismissed in the January 18, 2006 Order.  Doc. No. 159.

[2]This Court recommended dismissal with prejudice of Acosta's federal RICO, Florida RICO or a FDUTPA claim (Counts I, II, IV).

Because the Court finds that there is no factual issue concerning Acosta's two remaining allegations and Defendants are entitled to judgment as a matter of law, it is **RECOMMENDED** that the Motions for Summary Judgment be **GRANTED**.

**Factual Background[3]**

On July 16, 2003, the Law Office received correspondence from Acosta entitled "Notice of Dispute and Debt Validation Request." Doc. No. 175-2 ¶ 4. Also on July 16, 2003, the Law Office – located in Broward County in south Florida – filed the foreclosure suit by mail against Acosta in Seminole County in central Florida. Doc. No. 175-2 ¶ 5, McSurdy Aff. The Law Office actually mailed the package containing the foreclosure suit on July 11, 2003 (Doc. No. 175-2 ¶ 6 & Ex. A), and it was filed by the Seminole County Clerk a few business days later on July 16, 2003. It is undisputed that Plaintiff was served with the summons and complaint in the foreclosure suit on July 24, 2003. *See* Doc. No. 103-7, Ex. DD-17. On August 12, 2003, Acosta filed an answer to the foreclosure complaint and sent a letter to the Law Office asserting his rights under the FDCPA. *Id.* ¶ 100. Plaintiff eventually filed suit in this Court on May 21, 2004. Doc. No. 1.

## ANALYSIS

Defendants seek summary judgment on Acosta's FDCPA claims and his claims under the parallel Florida statute, the Florida Consumer Credit Protection Act[4]. Acosta alleges that CitiMortgage/Citibank and the Law Office violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, by failing to communicate to credit reporting agencies that his debt was disputed, and by filing and serving him with the foreclosure complaint even though Plaintiff had sent a notice disputing

---

[3]The facts must be read in the light most favorable to Plaintiff and resolves all reasonable doubts against Defendants, as it must on summary judgment. *See Anderson*, 477 U.S. at 255.

[4]Acosta's allegations of Defendants' violations of the FCCPA are virtually identical to his allegations of violations of the FDCPA. *Compare* Doc. No. 103 ¶ 133 & ¶ 153.

the debt.  Doc. No. 103 ¶ 133(a), (d).  Defendants contend that they are entitled to summary judgment because they did not receive notice of Plaintiff's dispute before filing the foreclosure suit and Defendant Law Office did not report the existence of Plaintiff's mortgage debt to any credit reporting agency.

Congress enacted the Federal Debt Collection Practices Act "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and the making of any false, misleading, or deceptive statements in connection with a debt, and it requires that collectors make certain disclosures. 15 U .S.C. §§ 1692d, 1692e, 1692f.  The FDCPA applies  to "debt collectors," defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts[5], or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

*Proceeding with mortgage foreclosure lawsuit* (¶ 133(d))

Defendants seek summary judgment on Plaintiff's claims that filing and service of the foreclosure suit on him violates the FDCPA.  Under § 1692g(b), "[i]f the consumer notifies the debt collector in writing within the thirty-day period [of the initial communication] that the debt . . . is disputed . . . the debt collector shall cease collection of the debt . . .  until the debt collector obtains

---

[5]The Federal Debt Collection Practices Act defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

verification of the debt or a copy of a judgment . . . and a copy . . . is mailed to the consumer." 15 U.S.C. § 1692g(a) & (b). Plaintiff's theory is that filing and service of the foreclosure suit were "debt collection" activities pursued after Plaintiff had notified the Law Office her was disputing the debt. The Law Office contends that it filed suit before it received Plaintiff's dispute and that, in any event, filing the foreclosure suit was not actionable under the FDCPA.

Plaintiff does not proffer any evidence to refute the Law Office's proof that it had already mailed the foreclosure suit (on July 11, 2003), three business days prior to receipt of Plaintiff's notice of dispute on July 16, 2003. Instead, Plaintiff argues – in a futile effort – that the Affidavit of Forrest McSurdy, Esq., filed in support of Defendant's Motion for Summary Judgment as the Law Office's custodian of records, should be stricken because the Law Office "did not have a custodian of records" based on Plaintiff's telephone call to the firm's receptionist. Doc. No. 185-4 ¶ 4. Such evidence is insufficient to contradict the sworn affidavit of McSurdy that he is the firm's custodian of records in this case. Under the Rules, a custodian of records is not an official and permanent title, but whoever is in charge of producing and identifying the records in a particular case. *See, e.g., United States v. McDonald,* 653 F.Supp. 793, 796 (N.D. Ga. 1987) (custodian of records may be existing employee or "an entirely new agent" who locates, produces and identifies records requested in discovery). Acosta's arguments about the testimony of Campbell, who signed the foreclosure complaint on July 11, 2004, that she personally did not know with certainty how the complaint was delivered, are equally unavailing.

The Eleventh Circuit has held that a debt collector may file suit and a lien at the same time a demand letter is sent, before a consumer has made any request for verification without violating the FDCPA. *Shimek v. Weissman, Nowack, Curry & Wilco, P.C.,* 374 F.3d 1011, 1013 (11th Cir. 2004). Because the Law Office had not received Acosta's verification request before July 11, 2003, when

it mailed the lawsuit to the Seminole County Clerk to be filed, the Law Office could not have violated the FDCPA by filing the foreclosure suit on July 16, 2006, when it was already in the possession of the Seminole County Clerk and the Clerk was required to docket it.  *See Shimek,* 374 F.3d at 1014 (FDCPA does not require the law firm to take "positive action" and interfere, even if it was able to, with the Court Clerk's duties to record liens, etc.).

The case of *Anderson v. Frederick J. Hanna & Associates*, 361 F.Supp.2d 1379, 1382-83 (N.D. Ga. 2005), holding a debt collector liable for filing suit after receiving a debtor's dispute notice, is easily distinguished because the debt collector had sent the debtor an "initial communication", to which Plaintiff responded by sending a notice of dispute seeking a verification of the debt, and the debt-collector law firm filed suit anyway.  *Id*. at 1382-83 (debt collector violated FDCPA when it filed a lawsuit despite having received request for verification in response to its initial communication).

In this case, it is undisputed that the debt-collector, the Law Office, never sent Plaintiff any correspondence or "initial communication," triggering notice and validation rights, and the only actions it took was the legal action in filing the foreclosure suit.  Eleventh Circuit case law is clear that filing suit is not "an initial communication" which otherwise would have given rise to notice and verification rights.  *See Shimek v. Weissman, Nowack, Curry & Wilco, P.C.,* 374 F.3d 1011, 1013 (11th Cir. 2004).

Although this Court expressly raised the issue of whether the foreclosure of the mortgage in this case would even constitute debt collecting activity under the FDCPA, the parties failed to brief the issue.  *See* Doc. No. 132 at 28.  There is a significant line of cases holding that mortgage foreclosure is not "debt collecting" regulated by the FDCPA (with one exception found in § 1692f(6) which is inapplicable here).  "Nearly every court that has addressed the question has held that foreclosing on a mortgage is not debt collection activity for purposes of the FDCPA."  *Beadle v.*

-7-

*Haughey*, No. Civ.04-272-SM, 2005 WL 300060, *3 (D.N.H. Feb. 9, 2005) (citing *Hulse v. Ocwen Fed. Bank, FSB,* 195 F.Supp.2d 1188, 1203-04 (D. Or. 2002); *Heinemann v. Jim Walter Homes, Inc.,* 47 F.Supp.2d 716, 722 (N.D. W.Va.1998), *aff'd*, 173 F.3d 850 (4th Cir. 1999); *cf. Kaltenbach v. Richards,*___ F.3d ___, 2006 WL 2588994, *3 & n.5 (5th Cir. Sept. 11, 2006) (holding that a law firm foreclosing a security interest may qualify as a "debt collector," but reaching no opinion on whether the enforcement of a security interest in dealings with the debtor constituted "communications in connection with the collection of any debt" under the FDCPA)).  "Security enforcement activities fall outside the scope of the FDCPA because they are not debt collection practices."  *Rosado v. Taylor*, 324 F. Supp.2d 917, 924 (N.D. Ind. 2004) (citing 15 U.S.C. § 1692a(6)); *see also* "When Repossession, Foreclosure, and Other Acts Are Not 'Debt Collection' Under Fair Debt Collection Practices Statutes," 59 CONSUMER FINANCE LAW QUARTERLY REPORT 169, 170-71 (Spring-Summer 2005) and *cases cited therein*.

        The most frequently cited case for the proposition attributes the different treatment of security interests versus other debts to the debtor's ability to comply with the request made to pay. *See Jordan v. Kent Recovery Serv., Inc.,* 731 F.Supp. 652, 656 (D.Del. 1990).  "One receiving debt collection letters may agonize that she cannot comply with them, hence she needs the Act's protection. One asked to comply with a security interest enforcement request, on the other hand, has the security that she can return." *Id.*;  *Rosado,* 324 F.Supp.2d at 924-25 (the law is rather clear that enforcing a security interest is not debt collection).  However, if the foreclosure action filed by the Law Office also sought a personal judgment against Plaintiff, then the Law Office's actions could be subject to the full provisions of the FDCPA. *McDaniel v. South & Assoc.*, 325 F.Supp.2d 1210, 1218 (D. Kan. 2004) (because judicial foreclosure also included claims for personal judgment against individual debtor, law firm's actions were subject to regulation under the full FDCPA and distinguishing straight

-8-

foreclosure cases).  The Court cannot make a finding of whether the underlying foreclosure suit filed in state court would be excluded from debt collecting activity, given the lack of evidence presented on the issue.

Plaintiff contends that Defendants "conducted themselves in a manner intended to be governed by the FDCPA" by including a "Notice Required of the Fair Debt Collection Practices Act" and they "cannot now claim they were not subject to the provisions of the Act."  Doc. No. 185-1 at 8. However, a deficient notice which may not comply with the FDCPA, is not material unless the Act required such a notice or other action to be taken; if the FDCPA does not apply to the Law Office's communications then it does not matter that the notice was deficient.  *McKnight*, 176 F.Supp.2d at 1304 (it would not matter that notice under the FDCPA was deficient where communication was a legal action and no notice was required).  The fact that Defendant Campbell may have personally believed, possibly out of an abundance of caution, that the FDCPA would apply to a mortgage foreclosure does not somehow estop Defendants from arguing that the FDCPA does not apply.

Acosta also points to the testimony of Defendant Campbell, the attorney handling the foreclosure for the Law Office, who testified that she only ceased collection efforts on August 1, 2003, "as soon as [she] received this letter."  Doc. No. 185-8, Campbell Dep., at 91.  Because Acosta did not file the preceding deposition pages, the Court cannot determine to which letter Campbell was referring.  *Id*.  A preceding deposition question notes that Campbell had earlier responded that at least one of Acosta's letters seeking verification did not make it to her.  *Id*.  Campbell then testified that by the time she received a letter from Acosta, "which was after the complaint was filed and everything was done," the Law Office did not move any further on the foreclosure action.  *Id.*

Under the Eleventh Circuit's holding in *Shimek*, once the Law Office filed the summons and complaint with the Seminole County Clerk, "the statute d[id] not require the law firm to take 'positive

-9-

action' and interfere, even if it was able to, with the Court Clerk's duty" in this case, to have process served on Plaintiff. *See* 374 F.3d at 1014 (11th Cir. 2004). Once the Law Office mailed off the summons and complaint, it was under no obligation to interfere with the Clerk's office designation of a process server to serve Plaintiff. Newburger & Barron, FAIR DEBT COLLECTION PRACTICES: FEDERAL AND STATE LAW AND REGULATION ¶ 1.05[1][e] ("if the complaint and summons are already in the hands of a court officer for service at the time that a dispute is received, the collection attorney may not necessarily be obligated to recall the papers"). There is no evidence that the Law Office itself took any further steps to collect on the debt after it received Plaintiff's dispute and request for validation.

In addition, in the case of *McKnight v. Benitez*, cited with approval by the Eleventh Circuit in a subsequent case, the district court held that summons and complaint were not an initial communication. 176 F.Supp.2d 1301 (M.D. Fla. 2001); *see Vega v. McKay*, 351 F.3d 1334, 1337 (11th Cir. 2003) (the holding of *McKnight,* that a legal action does not constitute an "initial communication" within the meaning of the FDCPA, accurately states the law). "The FTC's 'big picture' view is consistent with the Act's purpose – to curb abusive debt collection practices, not legal actions." *McKnight*, 176 F.Supp.2d at 1306. The court relied in part on Section 6 of a Federal Trade Commission Commentary that opined "a legal action – including the service of legal papers by an attorney in connection with a lawsuit to collect a debt – is not a communication in connection with collection of a debt, and does not confer section 809 notice-and-validation rights on the consumer." *Id*. (citing 53 Fed. Reg. 50108). The FTC's interpretation in pertinent part was that "if the consumer disputes the debt, the attorney *may still take legal action* but must cease *other* collection efforts (*e.g.*,

letters or calls to the consumer) until verification[6] is obtained and mailed to the consumer." *Staff Commentary On the Fair Debt Collection Practices Act*, 53 Fed. Reg. 50097, 50101 (emphasis added). The Eleventh Circuit also relied on the FTC's interpretation as persuasive authority to find that a legal action or pleading does not constitute a communication. *Vega v. McKay,* 351 F.3d 1334, 1337 (11th Cir. 2003). "In making this decision we give serious consideration to the interpretation put forth by the Federal Trade Commission which is the agency changed with enforcing the provisions of the FDCPA and has developed the expertise in this area." *Id.*

Under the FTC's interpretation, a debt-collector attorney may take legal action even in the face of a dispute of the debt by the consumer; the attorney is restricted only from other collection efforts, such as letters or calls to the consumer. Plaintiff contends that the Law Office's service of process on him on July 24, 2003 (for the lawsuit filed on July 16, 2003) violated the FDCPA. Service of the complaint on Plaintiff was "legal action" within the meaning of Eleventh Circuit and Middle District precedent. *See Vega*, 351 F.3d at 1337; *McKnight*, 176 F.Supp.2d at 1306. Continuing the legal proceedings, as opposed to other collection efforts (phone calls, etc.) of which there is no allegation or evidence, did not violate the FDCPA as a matter of law.

### *Failing to report to others that the mortgage debt was disputed (¶ 133(a))*

Acosta alleges that he has checked with at least three credit reporting agencies[7] and the Law Office and CitiMortgage have not disclosed to the credit reporting agencies that Acosta is disputing the debt at issue. Title 15 U.S.C. § 1692e generally prohibits the use of any false, deceptive, or

---

[6]Because of the Court's recommendation to grant summary judgment, it need not reach the issue of the sufficiency of verification provided to Plaintiff because the Law Office did not have to provide it before proceeding with the legal action for the reasons argued above.

[7]Plaintiff submitted evidence of only one consumer credit report – from TransUnion – which showed a report of a delinquent account from CitiMortgage Inc. Doc. No. 185-11.

misleading representations or means to collect a debt. 15 U.S.C. § 1692e.  Section 1692e(8) prohibits

communications to any person "credit information which is known or should be known to be false,

including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).  Acosta

alleges that Defendants violated § 1692e by failing to communicate to credit reporting agencies that

his debt was disputed.  Doc. No. 103 ¶¶ 133(a).

A debt collector may be liable under the FDCPA if it fails to communicate to a consumer

reporting agency that a debt is disputed.  *See Ryan v. Wexler & Wexler*, 113 F.3d 91, 92 (7th Cir. 1997)

(plaintiff stated a claim under the FDCPA for debt collector's failure to communicate to credit

reporting agencies that his account was disputed); *Semper v. JBC Legal Group*, 2005 WL 2172377,

*3 (W.D. Wash. Sept. 6, 2005) (debt collector's failure to communicate to credit bureau that

dishonored check debt was disputed violated the statute).

Plaintiff contends that CitiMortgage, Inc. violated FDCPA by reporting the delinquent status

of his account to credit reporting agencies from July 2003 to April 2006 without stating that it was

disputed.  Doc. No. 185-1 at 7.  However, Plaintiff's claim against CitiMortgage, Inc. fails as a matter

of law because CitiMortgage, Inc.[8] is not a "debt collector" as that term is applied under the FDCPA.

 "A debt collector does not include the consumer's creditors, a mortgage servicing company, or an

assignee of a debt, as long as the debt was not in default at the time it was assigned." *Belin v. Litton

Loan Servicing, LP*, __ F. Supp. 2d __, 2006 WL 1992410 (M.D. Fla. 2006); *Perry v. Stewart Title

Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985) ("the legislative history of section 1692a(6) indicates

conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing

company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.")

---

[8]Plaintiff concedes that Defendant Citibank, FSB is not a "debt collector" under the FDCPA.  Doc. No. 185-1 at 2.

-12-

(citing S.Rep. No. 95-382, 95th Cong., 1st Sess. 3, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1698),

*modified on other grounds*, 761 F.2d 237 (5th Cir. 1985); *Scott v. Wells Fargo Home Mortg. Inc.*, 326

F.Supp.2d 709 (E.D. Va. 2003)(it is well settled that provisions of the FDCPA generally apply only

to debt collectors and creditors are not liable under the FDCPA), *aff'd*, 67 Fed. Appx. 238 (4th Cir.

2003).  Plaintiff's claim against CitiMortgage, Inc. for failure to report his debt as disputed fails as

a matter of law.

Plaintiff contends that the Law Office, is a debt collector who violated the FDCPA by not

reporting  his debt as disputed.  The Law Office moves for summary judgment because there is no

evidence that it ever reported Plaintiff's debt to any credit reporting agencies.  Plaintiff does not

dispute that the Law Office did not report his debt to a credit reporting agency.  Doc. No. 185-1 at 3.

Rather, Plaintiff, without any statutory or caselaw support whatsoever, argues a theory akin to an

agency theory, that the Law Office should have reported to credit reporting agencies that he was

disputing the debt owed even though the Law Office never reported any of Plaintiff's information to

a credit reporting agency.  Plaintiff attempts to impose an affirmative duty on debt-collectors to report

"disputed" debts to credit reporting agencies even when no debt is reported at all because the Law

Office knew the creditor, CitiMortgage Inc., was reporting Plaintiff's debt.  Doc. No. 185-1 at 3.  The

case cited by Plaintiff is inapposite because the debt collector in that case did report the delinquent

status of the account *directly* to the credit reporting agency but failed to report that the debtor disputed

the debt.  *See Brady v. Credit Recovery Co., Inc.,* 160 F.3d 64 (1st Cir. 1998); *see also Semper v. JBC

Legal Group*, 2005 WL 2172377, *2 (W.D. Wash. 2005) (debt collector law firm violated FDCPA

where it decided not to inform credit reporting agencies that debtor was disputing debt law firm had

previously reported).  Because the Law Office did not initially report the account to a credit reporting

agency, it had no duty to report Plaintiff's account as disputed.  Defendants are entitled to summary

judgment on Plaintiff's claims.

It is **respectfully RECOMMENDED** that Defendants' Motion for Summary Judgment be

**GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

Recommended in Orlando, Florida on October 12, 2006.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy