# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DAVID ACOSTA,

                        Plaintiff,

-vs-                                              Case No. 6:04-cv-761-Orl-28DAB

MARIE D. CAMPBELL, GREGG
DREILINGER, LAW OFFICES OF
DAVID J. STERN, P.A., CITIMORTGAGE,
INC., CITIBANK, FSB,

                        Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **AMENDED RENEWED MOTION FOR ATTORNEY FEES (Doc. No. 240)** |
| **FILED:** | **March 26, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

| | |
|---|---|
| **MOTION:** | **AMENDED RENEWED AND SUPPLEMENTAL MOTION FOR ATTORNEY FEES [BY CITIMORTGAGE AND LAW OFFICE] (Doc. No. 243)** |
| **FILED:** | **April 15, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

| | |
|---|---|
| **MOTION:** | **RENEWED AND SUPPLEMENTAL MOTION FOR ATTORNEY FEES [BY MCA] (Doc. No. 245)** |
| **FILED:** | **April 15, 2009** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |
| **MOTION:** | **RENEWED MOTION FOR ATTORNEY FEES [BY RFC] (Doc. No. 246)** |
| **FILED:** | **April 30, 2009** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

Various Defendants seek altogether more than a quarter of a million dollars in attorney's fees for trial and appellate work for defending against Plaintiff's *pro se* claims under the federal Racketeer Influenced and Corrupt Organizations Act; the Florida Civil Remedies for Criminal Practices Act; the Fair Debt Collection Practices Act and its Florida counterpart statute, the Florida Consumer Collection Practices Act; as well as the Florida Deceptive and Unfair Trade Practices Act.

Defendants Marie D. Campbell, Gregg Dreilinger, Law Offices of David J. Stern, P.A., CitiMortgage, Inc., Citibank, FSB (collectively "CitiMortgage and the Law Office") seek an award of fees of $79,991 for work done at the trial court level and $29,635.80 for work done at the appellate level. Defendants Imelda W. Lay, Mortgage Capital Associates, Inc., and Jay M. Steren (collectively "MCA") seek fees of $80,465.50 for trial work and $36,122 for appellate work in defending the claims against them, despite the fact they never filed a motion to dismiss. Defendant Residential Funding Corporation ("RFC") seeks fees of $13,035 for trial court work and $17,055 for appeal work.

For the reasons set forth below, it is respectfully **RECOMMENDED** that the Motions of RFC and MCA be **DENIED**; and the Motion of CitiMortgage and the Law Office be **GRANTED in part** and **DENIED in part** to award verifiable fees *only* for defense of the FDTPA claim against them.

**Procedural Background[1] Pertinent to Attorney's Fees Claims:**

In January 2000, David Acosta, while living in Pennsylvania, began the process of entering into two purchase-money loan transactions to finance the purchase of residential property located in Longwood, Florida. MCA, a correspondent lender for CitiMortgage and Citibank originated both of the loans: the first for $460,000, and the second for $57,000. *Id.* MCA and Acosta closed the first Mortgage on March 24, 2000, and MCA assigned the first mortgage loan to CitiMortgage, who subsequently reassigned it to Citibank. In February 2003, Acosta stopped paying his mortgage and did not made a payment thereafter on the first mortgage.

On July 11, 2003, CitiMortgage sent a letter to Acosta advising that the first mortgage was in default, and that the loan was referred to the Law Office for the commencement of foreclosure proceedings. Once the Law Office filed the foreclosure Complaint against Acosta in state court in July 16, 2003, Acosta sent a certified letter to the Law Office disputing the debt and asking for a debt validation. After a state-court dismissal and refiling of the foreclosure for Citibank to serve as plaintiff as the holder and owner of both the note and the mortgage, on May 21, 2004, Acosta filed this action in federal court against the Law Office[2]. (The Court will refer to CitiMortgage and Citibank collectively as "CitiMortgage").

---

[1] The detailed factual background is set forth in the Court's prior orders on Defendants' Motions to Dismiss and for Summary Judgment, as well as in the Court of Appeals opinion.

[2] A more exhaustive recitation of the extensive procedural history of the federal action is not necessary. *See Acosta v. Campbell*, 309 Fed. Appx. 315, 317 (11th Cir. 2009)

Plaintiff filed the original Complaint against the law firm and lawyers collecting on the mortgage, Defendants Marie D. Campbell, Gregg Dreilinger, and the Law Offices of David J. Stern, P.A. (collectively the "Law Office"), alleging violations of the federal Fair Debt Collection Practices Act (FDCPA"), 15 U.S.C. § 1692 *et seq.* Doc. No. 1. Following a series of amendments to add claims and parties[3], Acosta filed a Third Amended Complaint alleging claims against the Law Office and against the first mortgage holder, CitiMortgage, as well as MCA and RFC, for violations of the federal Racketeer Influenced And Corrupt Organizations Act, 18 U.S.C. §§ 1961. *See* Doc. No. 103 (Count I). Plaintiff also alleged against CitiMortgage, Law Office, and MCA – but not RFC – claims under the Florida RICO, Fla. Stat. § 772.101 and the Florida Deceptive and Unfair Trade Practices Act ("FDTPA"), Fla. Stat. § 501.202. Doc. No. 103 (Counts II & V). Plaintiff further alleged two claims against CitiMortgage and the Law Office *only* for violations of the federal FDCPA, its counterpart, the Florida Consumer Collection Practices Act, Fla. Stat. § 559 ("FCCPA"). Doc. No. 103 (Counts III & IV).

On August 22, 2005, CitiMortgage and the Law Office filed motions to dismiss[4] the Third Amended Complaint, and on September 19, 2005, this Court heard oral argument on the motions to dismiss. On October 26, 2005, Residential Funding Corporation filed its motion to dismiss the Third Amended Complaint. MCA never filed a motion to dismiss Counts I, II and V against it.

On November 4, 2005, the Court issued a Report and Recommendation ("R & R") recommending dismissal of most of the claims against CitiMortgage and the Law Office, RFC, and MCA, including dismissal with prejudice of Counts I (RICO), II (Florida RICO), and V (FDTPA),

---

[3]Doc. Nos. 1; 132; 159.

[4]Citibank's Motion to Dismiss (Doc. No. 116) was filed after CitiMortgage's Motion (Doc. No. 105), and incorporated by reference CitiMortgage's arguments; thus, the Court will referred to their arguments collectively as being those of "CitiMortgage."

and most claims in Counts III and IV (FDCPA and FCCPA claims). On January 19, 2006 (Doc. No. 159), Judge Antoon adopted the R & R in full and the only two issues that remained were: (1) whether defendants violated the FDCPA when Defendants continued with mortgage foreclosure proceedings (filing and service of the complaint) even though they had allegedly already received correspondence from Acosta disputing the debt; and (2) whether defendants violated the FDCPA for failing to communicate to credit reporting agencies that the debt owed by Plaintiff was disputed. Defendants CitiMortgage and the Law Office moved for summary judgment on Plaintiffs' remaining FDCPA claims on June 16, 2006 (Doc. No. 175); the Court recommended granting summary judgment in favor of Defendants and against Acosta on both claims, and Judge Antoon adopted the R & R on December 22, 2006. Doc. No. 215. Judgment was entered in favor of MCA and RFC on December 22, 2006, and in favor of CitiMortgage and the Law Office on December 26, 2006. Doc. Nos. 216, 227 (filed *nunc pro tunc* per Doc. No. 226).

Acosta appealed from the judgments on January 25, 2007. Doc. No. 221. The Court of Appeals on May 14, 2009 affirmed dismissal of all of Plaintiff's claims (Doc. No. 250), and remanded the matter of appellate attorney's fees to the District Court. Doc. No. 242; *Acosta v. Campbell*, 309 Fed. Appx. 315, 317 (11th Cir. 2009). The parties were ordered to brief the issue of attorney's fees and Defendants merely refiled or incorporated by reference previous motions for attorney's fees (which had been denied without prejudice until after the completion of the appeal); they additionally filed motions seeking appellate fees. Acosta filed a petition for writ of certiorari to the Supreme Court, which was denied on October 13, 2009. *See* Doc. No. 263.

## ANALYSIS OF ATTORNEY'S FEES MOTIONS

Defendants seek to recover fees on the basis of various statutes allowing for fees to prevailing parties under certain conditions: Florida RICO, FDTPA, FDCPA and FCCPA. Plaintiff contends

generally that Defendants' fee requests are overstated and duplicitous for the work actually required to respond to his claims, and do not meet the requirements set forth in the various statutes allowing fees, except for an award of fees under FDTPA, which he argues is premature because he has not exhausted his appeal rights.

### Entitlement to fees under RICO statutes

MCA[5], CitiMortgage and the Law Office seek to recover their fees under the Florida Civil Remedies for Criminal Practices Act, often referred to as the "Florida RICO Act," which was patterned after the federal RICO Act. *See Florida Software Systems, Inc. v. Columbia HCA Healthcare Corp.*, 46 F.Supp.2d 1276 (M.D. Fla. 1999) (Florida courts have often looked to federal RICO decisions for guidance in interpreting and applying the Act); Doc. No. 132 at 8 n.7.

Plaintiff alleged against MCA, CitiMortgage, and the Law Office claims under the federal and Florida RICO Acts (Counts I and Count II); however, Plaintiff alleged a claim against RFC under only the federal RICO statute. *See* Doc. No. 103; 129 at 8. Defendants do not argue that they are entitled to fees pursuant to the *federal* RICO statute, and case law does not support such an award. *See Sullivan v. Hunt,* 350 F.3d 664, 666 (7th Cir. 2003) (provision of RICO allowing for award of costs and attorney fees to prevailing plaintiffs does not provide remedy for defendants); Doc. No. 243-3 at 4; Doc. No. 246 at 3; Doc. No. 245-3 at 23-24. RFC clearly is not entitled to an award of fees under the Florida RICO statute, where no such claim was alleged against it. *See Ivans v. McKid Ltd.*, 642 So.2d 798, 799 n.1 (Fla. App. 3d DCA 1994) (reversing trial court award of fees to defendant who

---

[5]Plaintiff argues that certain of Defendants' motions are untimely because they were not filed within 14 days of December 22, 2006, but within 14 days of Judge Antoon's April 11, 2007 order amending the final judgment *nunc pro tunc* to December 22, 2006 (Doc. No. 227). Plaintiff's argument is unavailing because MCA was entitled to file its motion for fees within 14 days from the date of the order amending the judgment to include it; thus, MCA's motion was timely. Additionally, MCA did file a Motion for Clarification (Doc. No. 217) within the original 14 day window, seeking to clarify if the original judgment applied to it.

could not be a "prevailing party" where he was not named as a defendant in count for fraudulent inducement).

The Florida RICO statute provides "[t]he defendant shall be entitled to recover reasonable attorney's fees and court costs . . . upon a finding that the claimant raised a claim which was without substantial factual or legal support." Fla. Stat. § 772.104. The Eleventh Circuit in applying § 772.104 has explained:

> The intent of the Florida legislature in adopting this less stringent standard was "to discourage frivolous RICO claims or claims brought for the purpose of intimidation because the stigma and burden of defending such claims is so great. Accordingly, the Florida courts consistently have held that defendants are entitled to fees under section 772.104 where civil RICO counts were dismissed with prejudice or a verdict was directed in the defendant's favor.

*See Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1330-31 (11th Cir. 1998) (citations omitted).

MCA, CitiMortgage, and the Law Office seek to recover their fees arguing that the dismissal of Plaintiff's RICO claims with prejudice establishes the claims were without substantial fact or legal support. Doc. No. 243-3 at 4; Doc. No. 245-3 at 24. Plaintiff contends that fees should be denied because he "brought the action in good faith and advanced a novel but credible interpretation of the law." Doc. No. 249 at 7. Plaintiff fails to state what that "novel but credible interpretation of the law" was that he was advancing, and the Court can discern no good faith but "novel" interpretation of the law used to advance Plaintiff's RICO claims. *Cf. RLS Business Ventures, Inc. v. Second Chance Wholesale, Inc.*, 784 So.2d 1194 (Fla. 2d DCA 2001) (denying fees where plaintiff argued for relaxation of requirement to prove a racketeering injury under Florida RICO in keeping with line of cases holding that way under federal RICO statute); *Beck v. Olstein*, 588 So.2d 317 (3d DCA 1991) (discharged employee's state RICO claim against his employer was not so lacking in legal foundation

to support fee award to defendant-employer where courts had not construed the statute on the point presented and a credible treatise published in the jurisdiction advocated plaintiff's position); .

Plaintiff also argues that the Court has not made the requisite finding that the claims were without substantial fact or legal support because the RICO claims were raised only once and then dismissed without further opportunity to amend and a dismissal with prejudice after a single attempt to state a claim, which according to Plaintiff cannot support the contention that the claims were without substantial factual or legal support. To the contrary, the Florida Third District Court of Appeal has held that a claim "lacking substantial fact *or* legal support" – written in the disjunctive – allows an award of fees "so as to discourage both claims of insufficient legal substance and, in the alternative, those lacking an evidentiary foundation." *Foreman v. E.F. Hutton & Co., Inc.,* 568 So.2d 531, 532 (Fla. 3d DCA 1990)[6] (affirming trial court award of fees which were "based on the pleadings, and consequently as a matter of law, the RICO claim lacked substantial legal support" under § 772.104). Accordingly, there is nothing that prevents the Court from awarding fees on a dismissal with prejudice of the Florida RICO claims merely because they "were raised only once and then dismissed without further opportunity to amend."

Plaintiff contends that CitiMortgage and the Law Office are not entitled to fees under Florida RICO (Count II) because "except for the headings leading into certain paragraphs, all arguments made by the Defendants in seeking dismissal of the RICO claims were directed to Count I [federal RICO] and no argument was directed to Count II [Florida RICO]." Doc. No. 248 at 2. Plaintiff argues that

---

[6]The Florida Third District Court of Appeal adroitly explained the distinction in the procedure to recover attorney's fees/sanctions between the federal RICO claim and Florida RICO, where in the federal court system the trial court may require a plaintiff making a federal RICO claim, to file a RICO Case Statement, which must be based on the "reasonable inquiry" required before signing a complaint by Federal Rule of Civil Procedure 11, obligates the plaintiff to set forth in detail the facts he or she is relying upon to initiate the RICO complaint. *Foreman,* 568 So.2d at 532. Upon examination of the complaint in conjunction with the RICO statement, the federal trial court may enter a dismissal or a final summary judgment for the defendant should the allegations fail to state a cause of action. The trial court may then impose sanctions against the plaintiff under Rule 11 in the amount of the defendant's fees and costs on grounds the RICO allegations were frivolous or insubstantial. *Id.* (citations omitted).

CitiMortgage and the Law Office addressed the federal RICO claim thoroughly and did not specifically address the Florida RICO claim, thus, they cannot now "shift the weight" of their arguments as if they were against the Florida RICO claim simply to recover fees, where they are not recoverable under the federal RICO statute, 18 U.S.C. § 1961 *et seq.* CitiMortgage and the Law Office argue that because the fees associated with the defense of the Florida RICO claims are indistinguishable from those incurred in defense of the federal RICO claims, they are entitled to recovery of *all* fees incurred in defending *all* RICO claims.

On November 4, 2005, this Court entered a Report and Recommendation recommending dismissal of Plaintiff's RICO claims, and analyzing together the federal and Florida RICO statutes. Doc. No. 132 at 8. The Court found that the analysis applied to claims under the Federal RICO Act was equally applicable to claims under Florida's RICO statute. *See Jackson v. BellSouth Communications*, 372 F.3d 1250 (11th Cir. 2004). In the R&R, the Court stated:

> Acosta has completely failed to plead a RICO claim. He has alleged no facts to sustain a claim for civil recovery under RICO, and the facts that have been alleged demonstrate conclusively that no such claim could be proven. The Court finds that Acosta would not be entitled to recovery under any set of facts that could be proven consistent with the allegations in his Third Amended complaint.

Doc. No. 132 at 31. The finding applied to Plaintiff's federal RICO claims and his Florida RICO claims. The Court's finding (subsequently adopted by Judge Antoon) – "the facts that have been alleged demonstrate conclusively that no such claim could be proven" – support a determination Plaintiff's claims were "without substantial factual or legal support" as required under the Florida RICO to recover fees.

Plaintiff argues that any award of fees to CitiMortgage or the Law Firm should be reduced to reflect work related solely to obtain dismissal of Florida RICO claims specifically, citing *Rockledge Mall Assocs., Ltd. v. Custom Fences of Brevard, Inc*., 779 So.2d 558, 559 (Fla. 5th DCA 2001) (citing

*Plapinger v. E. States Props. Realty Corp.*, 716 So.2d 315, 317 (Fla. 5th DCA 1998) (the party seeking attorneys fees on multiple claims, one of which is a claim based on a written contract allowing fees and the other on a tortious interference claim, has the burden to demonstrate what portion of the effort was expended on the claim which allowed attorney's fees)).  In formulating an attorney's fee award, the court is to exclude hours spent on distinct successful claims for which there is no statutory fee-shifting authority.  *See Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1323 (M.D. Fla. 2001).

Plaintiff is correct that Defendants have failed to appropriately set forth any documentation whatsoever that distinguishes time spent in defending the two separate claims – Defendants have not filed any supporting billing sheets or time records that distinguish time spent defending against Plaintiff's federal and Florida RICO claims.  *See* Doc. Nos. 243, 245.  MCA supplied only a final figure – $80,465.50 – and no time breakdown or time records for the litigation in the trial court; MCA also never filed a motion to dismiss.  Doc. No. 245.  CitiMortgage and the Law Office filed no detailed time records either, merely affidavits by the individual attorneys attesting to the fees they billed, which totaled  $79,991[7] for work performed at the district court level.  Doc. No. 243.  A fee applicant "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  While there is "no certain method of determining when claims are related or unrelated, . . . at least counsel should identify the general subject matter of his time expenditures."  *Id*.  Defendants having failed to file any billing records of time incurred at the trial level for the court to review or identify distinct claims, their requests for fees pursuant to the Florida RICO statute are denied.

As to the fees on appeal, MCA, CitiMortgage and the Law Office submitted applications to the Eleventh Circuit.  Plaintiff appealed to the Eleventh Circuit Judge Antoon's summary judgment

---

[7]It is notable that, although also not entitled to recover its fees, RFC fees for trial work totaled only $13,035.  Doc. No. 246.

ruling dismissing all of his claims, including the Florida RICO claims, and the Eleventh Circuit affirmed. Doc. No. 250 at 10. MCA sought – for the appeal work only – $36,122; although billing records were submitted as part of the application for fees, the records show no particularized reference to any time spent on the Florida RICO claim. Doc. No. 245-4.

CitiMortgage and the Law Office's application for appellate fees, totaling $29,635.80, does contain detailed billing records. Doc. No. 243-5. However, only about half of the entries are specific to certain claims, and only a *single* entry out of approximately one hundred indicates that a *single hour* of research was spent specifically researching "Florida RICO offenses." *See* Doc. No. 243-5 at 55. All other specific entries refer to either FDCPA and FDPTA claims or general "RICO" claims, which the court presumes meant the federal RICO claims, since research on the "Florida RICO offenses" warranted its own separate (albeit limited) time entry. A single hour spent on the Florida RICO claim out of a total of 190 hours spent on CitiMortgage's entire appeal underscores the minimal effort expended to defend that claim or the "tag-a-long" nature of the Florida claim, as opposed to the federal RICO claim and the other claims asserted by Plaintiff. No fees will be awarded for defense of the Florida RICO claim at the appellate level.

### *Entitlement to fees under FDTPA*

Plaintiff also asserted against MCA and CitiMortgage and the Law Office[8] a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDTPA"; Count V), which allows a prevailing party to recover its attorneys' fees. MCA and CitiMortgage and the Law Office seek to recover their fees and costs under the FDPTA.

---

[8]RFC seeks fees under the FDTPA "assuming arguendo" that Plaintiff's claims under the FDTPA were intended to apply to RFC (Doc. No. 246 at 3); however, in its Motion to Dismiss, RFC acknowledged that there were no specific allegations against it in Count V of the Third Amended Complaint. Doc. No. 129 at 8.

MCA, CitiMortgage and the Law Office contend the Court's dismissal as to the FDTPA (and the Eleventh Circuit's affirmance) renders them prevailing parties. The Florida Deceptive and Unfair Trade Practices Act, Florida Statute § 501.2105(1), provides in pertinent part:

> (1) In any civil litigation resulting from an act or practice involving a violation of this part, . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the non-prevailing party.

> (2) The attorney for the prevailing party shall submit a sworn affidavit of his or her time spent on the case and his or her costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case.

> (3) The trial judge may award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit.

Fla. Stat. § 501.2105. As the Eleventh Circuit has explained, the language of § 501.2105 mandates an award of fees to the prevailing parties on the FDTPA claim. *See Donald Frederick Evans And Assoc., Inc. v. Continental Homes, Inc*., 785 F.2d 897, 916 (11th Cir. 1986); *see also General Motors Acceptance Corp. v. Laesser*, 791 So.2d 517 (Fla. 4th DCA 2001).

In this case, MCA, CitiMortgage and the Law Office were the prevailing parties; Plaintiff does not argue to the contrary. Instead, he contends that his then-pending writ of certiorari to the United States Supreme Court precluded an award of fees because he had not yet exhausted all appeals, as required under FDTPA, citing *M.G.B. Homes, Inc. v. Ameron Homes, Inc*., 30 F.3d 113, 115 (11th Cir. 1994). Because Plaintiff's petition for writ of certiorari was denied on October 13, 2009 (*see* Doc. No. 263), that cannot be an impediment to an award, if indeed it ever was.

However, MCA's billing submission suffers from the same deficiencies detailed above – no billing records whatsoever are submitted in support of the work at the trial level (Doc. No. 245-3) and the billing records submitted related to the appeal are vague, *e.g.*, "analyze case law" or "analyze issues re: appellate brief." No reasonable award can be based on such deficient records. If an

applicant's documentation "is inadequate, the district court may reduce the award accordingly." *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (fee applicant must provide detailed billing time records to identify distinct claims and the general subject matter of counsel's time expenditures).

As to CitiMortgage and the Law Office's billing records, as described above, no billing records were submitted for work performed at the trial level. Doc. No. 245. However, the billing records of appellate counsel indicate for the appeal, Trevor Hawes, Esq., spent 23.8 hours on the FDTPA issue out of the total of 190 hours spent on the appeal (Doc. No. 243-5), which the Court finds should be awarded to CitiMortgage and the Law Office.

***Entitlement to Fees under the Fair Debt Collection Practices Act and Florida Consumer Protection Act***

CitiMortgage and Law Office move for an award of fees as prevailing parties on Plaintiff's claims asserted against them under the federal Fair Debt Collection Practices Act and the Florida Consumer Protection Act (Counts III and IV). Under the FDCPA, 15 U.S.C. § 1682k(3), attorney's fees may be awarded on a finding that "an action under this section was brought in bad faith and for the purpose of harassment." 15 § U.S.C. 1692k(3). CitiMortgage and the Law Office argue that the Court's ruling on their Motions to Dismiss and for Summary Judgment (adopted by Judge Antoon) contain ample findings supportive of a ruling that Plaintiff's FDCPA claims were asserted in bad faith, in addition to the "sheer volume of legally and factually meritless claims asserted by the Plaintiff." Doc. No. 243-3. They argue Plaintiff had a "strategic purpose in filing this action in terms of thwarting or deterring the pursuit and progress of the foreclosure action" which should be "amply apparent." Doc. No. 243-3 at 5.

Plaintiff argues that "only where the court expressly finds that the plaintiff's case was brought in bad faith or for the purpose of harassment can attorney's fees be awarded against the unsuccessful

plaintiff in an FDCPA action and Defendants have not demonstrated, and the Court did not specifically find, that Plaintiff brought his claims under the FDCPA in "bad faith or for harassment," citing 15 U.S.C. 1692k(a)(3). Plaintiff similarly argues that fees cannot be awarded under the FCCPA, because the Court has not found pursuant to the applicable Florida Statute § 559.77(2) that Plaintiff's "suit fails to raise a justiciable issue of law or fact."

Plaintiff argues the facts and history leading up to the filing of this action do not support a finding that the action was brought either in bad faith or for purposes of harassment. Plaintiff maintains that "from the very beginning, [he] sought to learn the true identity of the entity having the right to bring the foreclosure action in state court [which] is evidenced by Plaintiff's Notice of Dispute requesting verification of the debt and with follow-up correspondence sent to the law firm" but "these attempts, made in good faith, all failed." Plaintiff also argues that because he brought his FDCPA claim "nearly one year after the commencement of the foreclosure in Circuit Court" it could not be harassing because then "it would not have taken nearly one year to file." Plaintiff argues that the facts were supported by specific reference to statutory provisions Plaintiff alleges were violated. Although he concedes that the Court determined the Complaint failed to state a claim for relief, he argues that the Court "actually created new case law on issues relating to 1) applicability of the "initial communication" standard under federal law to state claims; and 2) exemption to compliance with the FCCPA for certain debt collection legal activities." He argues that all of his claims under "Counts III and IV were supported by a factual basis, documentary evidence and Plaintiff's affidavits."

Although it is a close call in this case, as to the FDCPA and FCCPA claims, the Court finds that Plaintiff made at least a colorable – albeit losing argument – that the FDCPA and FCCPA were violated when CitiMortgage and the Law Office filed and served the foreclosure package on him after he notified the Law Office he was disputing the debt because the foreclosure package was a

"communication" within the meaning of the Acts.  Doc. No. 198.  The district court initially refused to dismiss these FDCPA and FCCPA claims.  Doc. Nos. 132, 159. The Eleventh Circuit, while summarily dismissing all of Plaintiff's other arguments as without merit, addressed in some detail Plaintiff's argument that a foreclosure package was a "communication" within the meaning of the FDCPA before rejecting the argument.  Doc. No. 250.  Accordingly, the Court does not find Plaintiff's FDCPA claim was made in "bad faith or for harassment" or that his FCCPA claim "failed to raise a justiciable issue of law or fact," and no fees will be awarded.

### *Calculation of Attorney's Fees*

The Court finds that the only fees to be awarded are those incurred by CitiMortgage and the Law Office in defending the appeal on the FDTPA claim, which is a matter of Florida state law, and state rules regarding the award of attorney's fees are to be applied.  *See, e.g., McMahan v. Toto*, 256 F.3d 1120, 1133 (11th Cir. 2001).  As the Florida Supreme Court and the district courts in this Circuit employ the same lodestar approach to determine reasonable fee awards[9] however, the Court will analyze the claim for attorney's fees according to federal law.  *See Schafler v. Fairway Park Condominium Ass'n*, 324 F.Supp.2d 1302, 1312 (S.D. Fla. 2004), *affirmed,* 147 Fed. Appx. 113 (11th Cir. 2005) (unpublished).

"The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d. 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of

---

[9]"We find the federal lodestar approach . . . provides a suitable foundation for an objective structure." *Florida Patient's Compensation Fund v. Rowe,* 472 So.2d 1145, 1150 (Fla.1985) (adopting the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F. 2d 714 (5th Cir. 1974).)

reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985).

It is presumed that most or all of the following factors are subsumed in the calculation of the lodestar: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir.1988), (*citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)) The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d 1292 at 1303. With respect to rates, an applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303.

Thus, the only award of fees is to CitiMortgage and the Law Office for verifiable reasonable hours accrued on the appeal as to the FDTPA issue, which the Court determined to be 23.8 hours by Mr. Trevor Hawes. Mr. Hawes has been practicing since 2001 in the state of Florida, and his hourly

rate of $206 is found to be reasonable. *See* Doc. Nos. 243-4, 243-5. The total award to CitiMortgage and the Law Office for defense of the FDTPA claim is $4,902.80.

### *Costs*

As to costs, Judge Antoon previously ordered that Defendants were required to file any proposed bill of costs by June 11, 2007 (Doc. No. 233). No Defendant filed a proposed bill of costs. CitiMortgage and the Law Office acknowledge they have abandoned their claim for costs. *See* Doc. No. 243 at 2 n.1. MCA does not seek to tax costs. Doc. No. 257 at 3. Although RFC mentions "costs" in discussing its previous motion for fees and costs, RFC does not argue it is entitled to any costs in particular. Doc. No. 228. Therefore, no costs are awarded to any Defendant.

### CONCLUSION

It is respectfully **RECOMMENDED** that CitiMortgage and the Law Office's Amended Renewed and Supplemental Motion for Attorney Fees (Doc. No. 243) be **GRANTED** in part and **DENIED** in part and CitiMortgage and the Law Office be awarded attorney's fees for defense of the FDTPA claim of **$4,902.80**.

It is further respectfully **RECOMMENDED** that RFC's Renewed Motion for Attorney Fees (Doc. No. 246) and MCA's Renewed and Supplemental Motion for Attorney Fees (Doc. No. 245) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 5, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Plaintiff David Acosta
Courtroom Deputy